## BLAGIACH v. TOPE, Sheriff, etc.

### No. 6279.

United States Court of Appeals for the District of Columbia.

Submitted Feb. 6, 1935.

Decided March 11, 1935.

James K. Hughes, of Washington, D. C., for appellant.

Roger Robb, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant, having been charged in the state of West Virginia with the crime of nonsupport, was found in the District of Columbia. On requisition from the Governor of West Virginia, his return was ordered and he was turned over to appellee sheriff, the agent of the state of West Virginia, for the purpose of being returned to that state.

Appellant, in a petition for a writ of habeas corpus, alleged that his detention by the sheriff was "illegal and unconstitutional, and in contravention of his rights." The hearing on the requisition was before Mr. Justice Luhring of the Supreme Court of the District. On the filing of the petition for the writ of habeas corpus, the writ was issued returnable on a fixed date; the order being signed by Mr. Justice Luhring. On the date for the return, the cause came on for hearing, without objection, before Mr. Justice O'Donoghue of the Supreme Court. On hearing, it was ordered that the petition be dismissed and the writ discharged. From the order this appeal was taken.

The single issue raised by the appeal is that Justice O'Donoghue was without jurisdiction to dismiss the petition and discharge the writ, which had been issued by another Justice of the Supreme Court of the District. We think it unnecessary to stop to discuss the question of the jurisdiction of Justice O'Donoghue to act in the premises, being one of the Justices of the Supreme Court of the District. On the other hand, under the rule laid down in Elliott v. United States, 23 App. D. C. 456, a question might be raised as to the propriety of Justice Luhring hearing the case, inasmuch as he had issued the order directing the return of the appellant to the state of West Virginia. Since the hearing upon the peti-

tion for the writ of habeas corpus involved the legality of the order of Mr. Justice Luhring, it was perfectly proper that on the return of the writ the cause should be heard by another judge than the justice who had already predetermined the case.

The judgment dismissing the petition and discharging the writ is affirmed, with costs.